CLARENCE L. NEWTON, trustee, *vs.* ALICE BRADFORD BIGELOW & others.

Middlesex.    January 9, 1935. — February 28, 1935.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Trust,* Construction of instrument creating trust, Use of principal.

Provisions of a will setting up a trust directed the trustee to pay the income to three persons, together with a certain amount of the principal annually to each, until such payments and certain other payments directed should reduce the principal to a specified sum; and that "from and after such time as the principal . . . shall be reduced to" such sum, the income should be paid to the three persons and the trustee should be empowered to pay to and for the benefit of them "such part or parts of the principal" as he should think best. *Held,* that the power of the trustee to make an unlimited distribution of principal would not be effective until after the principal should have been reduced to the specified sum.

PETITION for instructions, filed in the Probate Court for the county of Middlesex on May 7, 1934, by the trustee under the will of Elizabeth LeBaron Woodman, late of Cambridge.

The petition was heard by *Leggat,* J., by whose order the decree described in the opinion was entered. The respondent Alice Bradford Bigelow appealed.

*J. A. Brickett,* stated the case.

*H. J. Barrett,* for the respondent Bigelow.

LUMMUS, J.  By paragraph 3 of the codicil to her will, the testatrix gave the residue of her estate to a trustee, in trust to pay the net income to three persons or the survivors or survivor of them, together with $300 of the principal annually to each, "until such payments, plus the bequests [*sic*] hereinafter provided in (a) shall reduce the principal of said fund to" $7,500.  Then follows subparagraph (a), by which on the death of the first of the three persons to die, $500, or such lesser sum as may reduce the principal to $7,500, shall be paid to a charity.  In fact, one of the three has died, the $500 has been paid, and the principal remains substantially in excess of $7,500.

Then follows in the codicil subparagraph (b), as follows: "From and after such time as the principal of said sum shall be reduced to" $7,500, "I direct that the income of the trust fund remaining shall be paid in equal shares to said three persons, or the survivors of them, and after the death of two of them shall be paid to the survivor during the lifetime of such survivor.  I authorize and empower my said trustee, in his sole discretion, to pay to or use for the benefit of said three persons or the survivors or survivor of them, such part or parts of the principal as he may from time to time deem necessary or advisable."  Subparagraph (c) gives to charity everything remaining in the trust fund upon the death of all three persons.

The trustee desires to make a distribution of principal to the two survivors, in excess of the annual payments of $300 to each survivor.  On a petition for instructions, the Probate Court decided that the power to make an unlimited distribution of principal would not take effect until the annual payments of $300 to each survivor, in addition to the $500 paid to the charity, should reduce the principal to $7,500, as obviously they must do in time.

Such appears to be the intent shown in the will.  The subparagraph (b), which contains the power, is devoted wholly to the situation which will exist after the principal shall have been reduced to $7,500.

*Decree affirmed.*